IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHREI HAWAII, a Hawaii non-profit corporation, ALLAN HASEGAWA, HELEN HASEGAWA, SHIRLEY MATSUMOTO, TERRY MATSUMOTO, JANE MATSUMOTO and ELAINE FUKOKA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SEKAI KYUSEI KYO IZUNOME CHURCH, KEIZO MIURA, KELBERT YOSHIDA, and KAREN USUI,<br><br>      Defendants. | CIVIL NO. 07-00252 SOM/BMK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

I.    INTRODUCTION.

      This case involves a dispute about control of the assets of Plaintiff Johrei Hawaii, a small religious organization. Johrei Hawaii's parent, Defendant Sekai Kyusei Kyo Izunome Church ("SKK"), and several individuals who have worked for Johrei Hawaii move to dismiss this declaratory judgment action for lack of subject matter jurisdiction. This court agrees that it lacks subject matter jurisdiction and dismisses this action. The court decides this matter without a hearing pursuant to Local Rule 7.2.

II.    LEGAL STANDARD.

      Defendants seek dismissal under Rule 12(b)(1), which provides: "Every defense to a claim for relief in any pleading

must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."[1]

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact.  Thornhill Publ'g Co. v. Gen, Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction--a facial attack--all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  As this motion presents a facial attack to the existence of subject matter jurisdiction, all factual allegations by Plaintiffs are taken as true.

---

[1] "The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only." Rule 12 Advisory Committee Notes, 2007 Amendments. Because no substantive change in Rule 12(b)(1) was intended, the court interprets the new rule by applying precedent related to the prior version of Rule 12(b)(1).

III.     BACKGROUND FACTS.

This action was originally filed on May 15, 2007, followed by an amended complaint on June 5, 2007. The amended complaint requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, damages and restitution for breach of contract and breach of fiduciary duty, and an accounting to determine the full extent of the financial mismanagement. Plaintiffs asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Magistrate Judge Barry Kurren set a deadline of July 7, 2008, for motions to amend the pleadings. On July 24, 2008, Defendant SKK was voluntarily dismissed by Plaintiffs Johrei Hawaii and its present board members.

Defendants argue that the Declaratory Judgment Act does not give rise to an independent basis for federal jurisdiction, and that, given the absence of diversity, this court lacks jurisdiction over the state law claims.

Plaintiffs concede that the amended complaint lacks both a federal question and diversity of citizenship allegations. As their counsel puts it in paragraph 20 of the declaration he filed on January 16, 2009:

> The motion to dismiss for subject matter jurisdiction appears well taken if the complaint is not amended to add an amendment incorporating into the complaint the very recently discovered evidence finally uncovered regarding

3

>     the visa fraud for financial gain and the money laundering through the church books and records to conceal it.

Plaintiffs propose that they be allowed to file a second amended complaint, including what they say are federal questions.  Plaintiffs propose to add allegations seeking civil remedies under the Racketeer Influenced and Corrupt Organizations Act.  They allege that Defendants have violated federal criminal laws by allegedly making false representations to immigration officials about Defendant Miura's employment status and by laundering funds.[2]

IV.    ANALYSIS.

    A.    The Declaratory Judgment Act Does Not Confer Jurisdiction Upon This Court.

The amended complaint filed in 2007 asserts federal question jurisdiction under 28 U.S.C. § 1331.  The only federal question identified is a request for relief under the Declaratory Judgment Act.  Plaintiffs seek a declaration that they either have not violated or will not violate the Employee Polygraph Protection Act, 29 U.S.C. § 2001, by requiring certain Defendants

---

[2] Defendants also claim that they were not timely served with Plaintiffs' reply, which was filed on January 16, 1009, but allegedly not served until January 20, 2009.  They further note that the deadline for seeking leave to amend was as long ago as July 7, 2008.  Citing the delay and the failure to abide by the court-ordered deadline, Defendants request that Plaintiffs' claims be dismissed with prejudice.  As this court dismisses the claims on other grounds, the court does not address this argument.

to submit to polygraph examinations relating to their handling of Johrei Hawaii's assets.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural statute that provides a federal remedy for litigants seeking a judicial declaration of rights. It provides, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Declaratory Judgment Act does not itself confer federal jurisdiction. See Staacke v. United States Sec'y of Labor, 841 F.2d 278, 280 (9th Cir. 1988). To entertain an action under the Declaratory Judgment Act, a court must have a basis for federal subject matter jurisdiction independent of the Declaratory Judgment Act. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); Guaranty Nat'l Ins. Co. v. Gates, 916 F.2d 508, 511 (9th Cir. 1990).

Plaintiffs lack an independent basis for federal subject matter jurisdiction under 28 U.S.C. § 1331. "To bring a case within the statute [28 U.S.C. § 1331], a right or immunity created by the Constitution or laws of the United States must be

an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936) While the declaration Plaintiffs seek from this court concerns the Employee Polygraph Protection Act, 29 U.S.C. § 2001, that federal statute confers no right or immunity on them.

The Employee Polygraph Protection Act prohibits employers from requiring employees to submit to lie detector tests, providing remedies for employees compelled to take such tests. The Act does not confer any affirmative rights upon employers like Johrei Hawaii. Plaintiffs are correct in noting that the Act provides a "limited exemption for ongoing investigations." An employer that has a reasonable suspicion that an employee is involved in theft or embezzlement is allowed to require a polygraph examination. 29 U.S.C. § 2006. However, this exemption is a limit on an employee's right to be protected from such examinations; it is not an affirmative right conferred on an employer. An employer sued for requiring an examination may cite this limitation as a defense, but the limitation does not create an affirmative claim for an employer. There is no federal question in issue.

Nor does this court have diversity jurisdiction under 28 U.S.C. § 1332. While the amount in controversy exceeds $75,000, exclusive of interest and costs, the parties are not fully diverse. Defendant SKK, a Japanese church, has been

6

voluntarily dismissed, and the remaining parties are all Hawaii residents.

        B.    The Proposed Second Amended Complaint Is Not Properly Before This Court.

The deadline for seeking leave to amend pleadings was July 7, 2008. Under Rule 15(a) of the Federal Rules of Civil Procedure, after amending once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Having filed an amended complaint as of right, Plaintiffs propose to file a second amended complaint without either Defendants' consent or an order granting a motion for leave to so file. The proposed second amended complaint is the subject of a motion now pending before Magistrate Judge Kurren; it is not presently before this judge.

V.    CONCLUSION.

This court lacks subject matter jurisdiction, as the Declaratory Judgment Act does not confer independent federal jurisdiction. Plaintiffs do not raise a federal question and do not even allege diversity jurisdiction. The proposed second amended complaint is, at this point, only a proposal that is the subject of a separate motion pending before a different judge. The motion to dismiss is accordingly GRANTED.

The Clerk of Court is directed to withhold entry of judgment for Defendants until Plaintiffs' motion for leave to amend, filed on January 27, 2009, and pending before Magistrate

7

Judge Kurren, is decided.  This court expresses no opinion as to whether leave to amend may or may not be granted.  In the event the motion for leave to amend is denied, the Clerk of Court is directed to enter judgment for Defendants.  In the event the motion for leave to amend is granted, this matter will proceed as may be appropriate.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, January 30, 2009.



                                    /s/ Susan Oki Mollway

                                    Susan Oki Mollway

                                    United States District Judge

<u>Johrei Hawaii, Allan Hasegawa, Helen Hasegawa, Shirley Matsumoto, Terry Matsumoto, Jane Matsumoto, and Elaine Fukuoka v. Sekai Kyusei Kyo Izunome Church, Keizo Miura, Kelbert Yoshida, and Karen Usui</u>; Civil No. 07-00252 SOM/BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS.